IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUSTIN CLAYTON DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. CIV-25-712-D |
| UBER TECHNOLOGIES, INC., *et al.*, | ) ) ) |
| Defendants. | ) |

# ORDER

Plaintiff Justin Clayton Davis, a pretrial detainee, appearing *pro se* and *in forma pauperis*, brought this lawsuit under 42 U.S.C. § 1983, alleging violations of his constitutional rights [Doc. No. 14][1]. Plaintiff named as Defendants Uber Technologies, Inc. ("Uber") and Justin Stidham ("Mr. Stidham"). *Id.* The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 4]. On September 12, 2025, the magistrate judge issued a Report and Recommendation ("Report"), in which he recommended Plaintiff's Amended Complaint be dismissed without prejudice. [Doc. No. 20]. Plaintiff timely filed an objection to the Report. [Doc. No. 21]. Exercising *de novo* review, and as stated more fully below, the Court **adopts** the Report in its entirety.

## BACKGROUND

In the Amended Complaint Plaintiff alleges that:

---

[1] Citations to the parties' filings reference the CM/ECF pagination at the top of each page.

> On June 20th (sic), 2025[2][,] in Lawton, OK Plaintiff was a paid passenger in an Uber-operated truck driven by Defendant Stidham. Stidham[']s negligence resulted in a stop and he illegally consented to a search.

[Doc. No. 14, at p. 7]. As a result of this incident, Plaintiff asserts as "Claim 1" that pursuant to 42 U.S.C. § 1983 his Fourth Amendment was violated through unlawful search, false arrest, and negligence. [Doc. No. 14, at p. 6]. For this claim, Plaintiff alleges that Mr. Stidham is liable under theories of negligence and breach of fiduciary duty, and Uber is liable under theories of negligence and vicarious liability. *Id.*

On September 12, 2025, the magistrate judge issued the Report concluding that the Court should dismiss Plaintiff's Amended Complaint without prejudice for failure to state a claim. [Doc. No. 20]. The magistrate judge reasoned dismissal without prejudice was warranted because a claim of negligence is not cognizable under 42 U.S.C. § 1983. *Id.* at p. 4. Moreover, the magistrate judge recommended dismissal because Plaintiff's vicarious liability, breach of fiduciary duty, unlawful search, and false arrest claims were conclusory. *Id.* at p. 4-5.

On September 26, 2025, Plaintiff objected to the Report. [Doc. No. 21]. Plaintiff asserts that he was not alleging a negligence claim under 42 U.S.C. § 1983, but rather a claim of negligence under Oklahoma law. *Id.* at p. 1. Moreover, he asserts that he has provided sufficient facts to support his vicarious liability claim against Uber. *Id.* at p. 2-3. Additionally, he argues that he has adequately pleaded his breach of fiduciary duty claim

---

[2] Plaintiff stated that the traffic stop occurred on both June 20, 2024 and June 20, 2025. *See* [Doc. No. 14, at p. 6 & 7].

against Mr. Stidham. *Id.* at p. 3. Plaintiff raises no objection regarding the magistrate's conclusion on his unlawful search and false arrest claims.[3]

## STANDARD OF DECISION

When a magistrate judge issues a recommendation on a dispositive matter, the Court is required to "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

Because Plaintiff appears *pro se*, the Court liberally construes his allegations and the arguments in his objection. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). However, the broad construction a *pro se* plaintiff's pleadings are afforded does not "relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (citation omitted).

To survive a motion to dismiss, a complaint must contain enough allegations of fact, taken as true, "'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under this standard, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the

---

[3] By failing to object, Plaintiff has waived further review of the issues regarding his unlawful search and false arrest claims addressed in the Report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quotation omitted)(original emphasis).

The "plausibility" standard provided in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), is not considered a "heightened" standard of pleading, but rather a "refined standard," which the Tenth Circuit has defined as "refer[ring] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[] [has] not nudged [his] claim across the line from conceivable to plausible." *Khalik*, 671 F.3d at 1191 (quotation and citation omitted). Thus, the "*Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" *Id.* (quoting *Robbins*, 519 F.3d at 1247).

## DISCUSSION

The Court has reviewed the entirety of the Report, as well as the case record, and fully concurs in the Report. Indeed, the Court agrees with the magistrate judge's determination that Plaintiff's Amended Complaint attempts to bring his negligence claim under 42 U.S.C. § 1983, not Oklahoma tort law. A negligence claim is not a cognizable claim under 42 U.S.C. § 1983. *See Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992) ("The Supreme Court has made it clear that liability under § 1983 must be predicated upon a *deliberate* deprivation of constitutional rights by the defendant. It cannot be predicated upon negligence.") (quotations and citations omitted) (emphasis in original).

4

Plaintiff's attempt to recharacterize his negligence claim as arising under state law for the first time in his objection to the Report is improper. Indeed, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

Similarly, the Court agrees that Plaintiff's vicarious liability claim, and breach of fiduciary duty claim are insufficiently pled, as they are conclusory. Plaintiff's attempt to add a factual basis supporting his claims for the first time in his objection is improper and does not cure the deficiencies. *See Marshall*, 75 F.3d at 1426.

Accordingly, the Court finds that Plaintiff's objection should be overruled and hereby **ADOPTS** the Report [Doc. No. 20] in its entirety.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's claims against Defendants Uber Technologies, Inc. and Justin Stidham are dismissed without prejudice for failure to state a claim upon which relief may be granted.[4]

**IT IS SO ORDERED** this 20th day of October, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[4] In Plaintiff's objection he requests the Court grant him leave to amend his Amended Complaint. Requesting leave to amend his Amended Complaint in his objection is improper and does not comply with Fed. R. Civ. P. 15(a) or LCvR15.1. A district court may properly require a plaintiff to file a motion that complies with Fed. R. Civ. P. 15(a) and LCvR 15.1 before considering whether to allow an amendment. *See Brooks v. Mentor Worldwide LLC,* 985 F.3d 1272, 1283 (10th Cir. 2021).